568 A.2d 1313

COMMONWEALTH of Pennsylvania

v.

Jermounte LEATHERBURY, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 24, 1989.

Filed Jan. 25, 1990.

David M. McGlaughlin, Philadelphia, for appellant.

Joan Weiner, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: CIRILLO, President Judge, and POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. We affirm.

Appellant, a juvenile, was charged with third degree murder, burglary, robbery, and criminal conspiracy in connection with the beating death of a sixty-seven year old man in his residence and removal of money found therein. After entering a plea of not guilty, appellant filed a motion to transfer his case to the juvenile division of the court pursuant to 42 Pa.C.S.A. § 6322, which provides for transfer to the juvenile division in cases in which minors under the age of eighteen are charged with murder. Appellant also filed other pre-trial motions.

On September 27, 1988, the lower court, the Honorable Charles Durham presiding, denied appellant's motion to decertify the case to juvenile court. Thereafter, appellant entered a negotiated guilty plea to all charges and the court accepted the plea. On the charge of third degree murder, the lower court, the Honorable Robert Latrone presiding, sentenced appellant to a term of imprisonment of ten to twenty years. A consecutive sentence of ten to twenty years was imposed on the robbery count. Sentence was suspended on the remaining two charges. Appellant then filed the instant timely appeal of the judgment of sentence.

On appeal, appellant contends that the lower court erred in failing to grant his motion for decertification to the juvenile division because the lower court lacked jurisdiction to prosecute due to appellant's asserted amenability to treatment as a juvenile. We note first that a motion to transfer criminal proceedings to juvenile court presents jurisdictional issues which are not waived for appellate purposes. *Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975); *Commonwealth v. Zoller*, 345 Pa.Super. 350, 498 A.2d 436 (1985). Therefore, appellant's claim is properly before us.

Generally, the prosecution of criminal offenses charged to juvenile offenders is within the exclusive jurisdiction of the juvenile court. 42 Pa.C.S.A. § 6322. Such is not the case with murder. In a murder case involving a juvenile offender, jurisdiction remains with the criminal

court, but the case may be transferred to juvenile court if the juvenile is able to show that he is amenable to treatment, supervision, or rehabilitation within the juvenile system. *Id.; Commonwealth v. Pyle, supra.* Transfer in a murder case is not a matter of right, "and the determination of whether the interests of the state and society require prosecution of murder on an indictment is left to the sound discretion of the common pleas court." *Commonwealth v. Zoller, supra,* 345 Pa. at 355, 498 A.2d at 439.

To effectuate a transfer to juvenile court in a murder case, the court must apply and the juvenile must meet the criteria for transfer set forth in 42 Pa.C.S.A. § 6355(a)(4)(iii)(A). Those criteria include the juvenile's age, mental capacity, maturity, his degree of criminal sophistication, previous record if any, the nature and extent of any prior delinquent history, whether the juvenile can be rehabilitated prior to the expiration of juvenile court jurisdiction, probation or institutional reports if any, the nature and circumstances of the acts for which transfer is sought, and other relevant factors. *Id.* The burden of proof in a petition for transfer to the juvenile court is on the juvenile offender. *Commonwealth v. Pyle, supra; Commonwealth v. Brown,* 332 Pa.Super. 35, 480 A.2d 1171 (1984). Where the hearing judge denies a transfer motion, the juvenile, if he is to prevail on appeal, must show a gross abuse of discretion on the part of the hearing judge. *Commonwealth v. Brown, supra,* 332 Pa.Super. at 40, 480 A.2d at 1174. "Such abuse may not merely be an error of judgment, but must be a misapplication of the law or an exercise of manifestly unreasonable judgment based on partiality, prejudice or ill will." *Id., quoting Commonwealth v. Romeri,* 314 Pa.Super. 279, 291, 460 A.2d 1139, 1145, *aff'd* 504 Pa. 124, 470 A.2d 498 (1983).

In the instant case, at appellant's decertification hearing, he offered the testimony of two experts. The lower court accurately summarized this testimony as follows:

Roland Lamb [B.A., psychotherapist/family therapist] interviewed the defendant and the defendant's mother

▆▆▆▆▆▆▆▆▆▆▆

and sister on August 28 and September 7, 1988. He testified before this court that he learned that the defendant had not gone to school beyond the elementary level, had a school record indicating poor attendance [see footnote, *infra*] and was illiterate. In Mr. Lamb's opinion the defendant's poor home environment required that he be placed in a controlled environment for a long period of time. In his written report, Mr. Lamb elaborated on the inadequacies of defendant's home life and referred to a prior unsuccessful placement of the defendant in a group home in Easton, Pennsylvania by the Family Court system. The defendant had difficulty adjusting to the home and after his return home reverted to truancy, and drug and alcohol consumption on the streets.

Dr. Russell Floyd testified that the defendant was in need of counselling [sic] and educational development in a juvenile setting.

footnote: Defendant's school records which were reviewed by this court are replete with notations as to chronic truancy....

▆▆ In denying appellant's petition for transfer, the lower court reasoned that because of appellant's age, he would be under juvenile supervision for only three years, that previous attempts to rehabilitate appellant had proven unsuccessful, that appellant actively participated in the burglary of a home which resulted in the killing of a defenseless victim, and that appellant lacked any remorse for his participation in the crime. The lower court also noted that there was an absence of evidence that appellant suffered from any mental disability, that the interests of society required the application of legal restraint and discipline as an adult to appellant, and that the evidence did not affirmatively demonstrate that appellant would benefit from treatment as a youthful offender.

We find no abuse of discretion in the lower court's reasoning. The court's explanation demonstrates that it fully considered the factors set forth in § 6355(a)(4)(iii)(A), as required on a transfer application. In addition, the

court's decision is consistent with the weight of authority. *See, e.g., Commonwealth v. Sourbeer*, 492 Pa. 17, 422 A.2d 116 (1980) (transfer properly denied where it was demonstrated that defendant could not be rehabilitated within time constraints of juvenile jurisdiction); *Commonwealth v. Zoller, supra* (denial of transfer to juvenile court warranted where juvenile was involved in episodes of violence, one of which resulted in death and the other resulting in a premeditated killing, and there was no guarantee that juvenile would respond to treatment within time frame of juvenile court's authority); *Commonwealth v. Waters*, 334 Pa.Super. 513, 483 A.2d 855 (1984), *cert. den.* 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985) (trial court warranted in denying transfer petition of juvenile murder defendant where nature and circumstances of crime as well as the need to protect the community militated against transfer); *Commonwealth v. Brown, supra* (transfer petition properly denied where defendant's need for care, guidance, and control as a juvenile outweighed by state and society's need to apply legal restraint and discipline as an adult).

■ Appellant's contention that the Commonwealth had the burden of coming forth with witnesses to rebut the testimony of appellant's experts is without merit. The Commonwealth does not have to present "live" testimony to assert a juvenile's nonamenability to treatment; it may rely upon notes of testimony, the juvenile file, and the juvenile's school record. *Commonwealth v. Rush*, 522 Pa. 379, 562 A.2d 285 (1989). All of this information was available to the court in the instant case. In addition, much of the expert testimony offered at the decertification hearing supports the lower court's decision. Furthermore, as we indicated previously, the burden of proof in a transfer petition is on the juvenile to prove his amenability to treatment. *Commonwealth v. Pyle, supra; Commonwealth v. Brown, supra.*

Judgment of sentence affirmed.