581 A.2d 929

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Eric HARVIN, a/k/a Derrick Jones, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1990.

Filed Aug. 27, 1990.

Reargument Denied Nov. 2, 1990.

Kathy L. Echternach, Asst. Dist. Atty., Thorndale, for Com., appellant.

Bradley S. Bridge, Philadelphia, for appellee.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

WIEAND, Judge:

The Juvenile Act, at 42 Pa.C.S. § 6302, defines "delinquent act" to exclude "[a] crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense." The trial court in this case held the exclusionary language was applicable only to crimes committed by a child after he or she had been found guilty in a criminal proceeding. The Commonwealth contends, however, that the statute must be interpreted to deprive the Juvenile Court of jurisdiction in all juvenile proceedings which are pending at the time when the juvenile is found guilty or pleads guilty in a criminal proceeding. This issue of first impression comes before this Court under the following circumstances.

On March 19, 1987, a juvenile petition was filed in which seventeen year old Eric Harvin was charged with committing a robbery on March 5, 1987. The petition was scheduled for hearing before the Juvenile Court on April 23, 1987. In the meantime, on April 2, 1987, Harvin entered a plea of guilty to an information charging him with theft, conspiracy and unauthorized use of an automobile in an unrelated matter. The Commonwealth thereafter withdrew the pending juvenile petition and filed an information charging him as an adult. Prior to trial on this robbery charge, Harvin filed a motion to quash the information on grounds that exclusive jurisdiction over the case was vested in the Juvenile Court. The trial court agreed. Therefore, it quashed the information and transferred the case to juvenile court. The Commonwealth has appealed from the trial court's order.

"Generally, the prosecution of criminal offenses charged to juvenile offenders is within the exclusive jurisdiction of the juvenile court." *Commonwealth v. Leatherbury*, 390 Pa.Super. 558, 560, 568 A.2d 1313, 1315 (1990). Excluded from the definition of "delinquent acts," however, are murder,[1] summary offenses,[2] and crimes committed by children who have been found guilty in other criminal proceedings. 42 Pa.C.S. § 6302. The language which gives rise to the instant appeal was added by an amendment to the Juvenile Act adopted by the legislature on December 11, 1986.

In *Barasch v. Pennsylvania Public Utility Commission*, 516 Pa. 142, 532 A.2d 325 (1987), *aff'd*, 488 U.S. 299, 109 S.Ct. 609, 102 L.Ed.2d 646 (1989), the Supreme Court approached the matter of statutory interpretation in the following manner:

It is well settled that the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature as expressed by the words employed. 1 Pa.C.S. § 1921(a); *Commonwealth v. Fish-*

1. See: *Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975).
2. See: *In the Interest of Leonardo*, 291 Pa.Super. 644, 436 A.2d 685 (1981).

*er,* 485 Pa. 8, 400 A.2d 1284 (1979); *Pennsylvania Human Relations Commission v. Alto–Reste Park Cemetery Ass'n.,* 453 Pa. 124, 306 A.2d 881 (1973); *Clearview Bowling Center, Inc. v. Hanover Borough,* 430 Pa. 579, 244 A.2d 20 (1968).

It is fundamental that in ascertaining the legislature's intent, the plain words of its laws may not be ignored. *Stegmaier Estate,* 424 Pa. 4, 225 A.2d 566 (1967). A court may not alter, under the guise of interpretation, the express language and intent of the legislature. *Commonwealth v. Pope,* 455 Pa. 384, 317 A.2d 887 (1974); *see Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). Thus, where the words of a statute are clear and free from ambiguity, a court may go no further to determine the legislative intent. *Kritz Estate,* 387 Pa. 223, 127 A.2d 720 (1956); *Rich v. Meadville Park Theatre Corp.,* 360 Pa. 338, 62 A.2d 1 (1948); *Commonwealth ex rel. Smith v. Clark,* 331 Pa. 405, 200 A. 41 (1938); *see* 1 Pa.C.S. § 1921(b), (c). It is only when the words of the statute are not explicit that the intention of the legislature may be ascertained by considering other means of statutory interpretation or construction. *Davis v. Sulcowe,* 416 Pa. 138, 205 A.2d 89 (1964); *Commonwealth v. Chester County Light and Power Co.,* 339 Pa. 97, 14 A.2d 314 (1940).

*Id.,* 516 Pa. at 155–156, 532 A.2d at 331–332.

Our interpretation of the amendment to the Juvenile Act is in accord with and we adopt the reasoning of the trial court as follows:

[T]he question here is whether it is the intent of the Legislature that once a child has been found guilty in an adult proceeding, all crimes with which the child is charged be automatically prosecuted in an adult court, including crimes committed by the child before the finding of guilt in adult court, or that only those crimes committed by the child *after* the finding of guilt in adult court be prosecuted in adult court unless the Common-

wealth successfully petitions Juvenile Court to transfer such cases to adult court.

. . . .

This Court believes that a fair construction of the definition of delinquent act in the Juvenile Act in accordance with the rules of grammar and the common and approved usage of the words in such definition compels the conclusion that the Legislature intended that only those crimes committed by a child after the child has been found guilty in an adult proceeding are to be prosecuted in adult court (unless transferred to adult court pursuant to the provisions of 42 Pa.C.S.A. § 6355).

In reaching this conclusion, this Court notes that the definition of delinquent act speaks of a crime "committed" by a child who "has been" found guilty in an adult court. The use of the [words] "has been found guilty" in conjunction with the reference to the "commission" of the crime clearly conveys that only those crimes committed after a defendant "has been found guilty" in adult court are [not] to be characterized as delinquent acts. The Commonwealth would have this Court construe the definition of delinquent act as if it read "a crime committed by a child who has been found guilty [or who is subsequently found guilty] in a criminal proceeding ..." The definition of delinquent act plainly does not read as the Commonwealth would urge this Court to interpret it. If the Legislature had intended that an act which on the date of its commission would be properly categorized as a delinquent act for purposes of the Juvenile Act, could subsequently lose its status as a delinquent act by virtue of circumstances occurring after the commission of the act, one would have expected the Legislature to have expressly so provided.

This interpretation of the statute's exclusionary language is consistent with the principle of statutory construction that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and

approved usage...." 1 Pa.C.S. § 1903(a). Inasmuch as the intent of section 6302 is to decrease the jurisdiction of the juvenile court, moreover, its provisions must be strictly construed. See: 1 Pa.C.S. § 1928(b)(7).[3] The trial court's interpretation of the statute is also consistent with the stated legislative intent underlying the enactment of the Juvenile Act. This purpose is stated at 42 Pa.C.S. § 6301(b)(2) as follows:

(b) Purposes.—This chapter shall be interpreted and construed as to effectuate the following purposes:

. . . .

(2) Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior, and to substitute therefor a program of supervision, care and rehabilitation.

Thus, the Supreme Court has observed:

By the new Juvenile Act, the legislature has, in no uncertain terms, made it clear that whenever possible its provisions should control in resolving matters pertaining to juveniles. While the Act envisions instances where its provisions would be inadequate and the more drastic remedies of the criminal court must be employed, it is equally clear that the preference was to treat the juvenile delinquent, whenever possible, in accordance with the procedures specially designed for the juvenile offender. In essence, the Act creates a presumption that the errant juvenile can best be supervised, directed and rehabilitated under its provisions absent evidence to the contrary. It therefore follows that the party raising the objection to the juvenile court's jurisdiction must shoulder the burden of presenting evidence to establish those facts which would warrant the conclusion that in a given case the provisions of the Act are inappropriate.

3. 1 Pa.C.S. § 1928(b)(7) provides that provisions of a statute "decreasing the jurisdiction of a court of record" shall be strictly construed.

*Commonwealth v. Greiner,* 479 Pa. 364, 370, 388 A.2d 698, 701 (1978) (footnote omitted).  See also: *Commonwealth v. Rush,* 522 Pa. 379, 383–384, 562 A.2d 285, 287 (1989).

The Commonwealth argues that because the juvenile has been found guilty of a criminal offense he is no longer amenable to treatment in the juvenile system.  It also contends that it makes no sense to permit the Juvenile Court to continue to exercise jurisdiction in one matter after the juvenile has been convicted of criminal conduct in adult criminal proceedings.  The answer to both of these expressed fears is in the provisions of 42 Pa.C.S. § 6355 which permit the Commonwealth to petition for a transfer to criminal court of charges pending in the juvenile court.[4]

**4.** This section provides in pertinent part:
  § 6355. Transfer to criminal proceedings
  (a) General rule.—After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this Commonwealth, the court before hearing the petition on its merits may rule that this chapter is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the division or a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if all of the following exist:
  (1) The child was 14 or more years of age at the time of the alleged conduct.
  (2) A hearing on whether the transfer should be made is held in conformity with this chapter.
  (3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.
  (4) The court finds:
  (i) that there is a prima facie case that the child committed the delinquent act alleged;
  (ii) that the delinquent act would be considered a felony if committed by an adult;  and
  (iii) that there are reasonable grounds to believe all of the following:
  (A) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency.  In determining this the court shall consider the following factors:
  Age.
  Mental capacity.
  Maturity.
  The degree of criminal sophistication exhibited by the child.
  Previous records, if any.

This will enable the court in pending juvenile matters to determine on a case by case basis whether the juvenile can continue to benefit from the treatment prescribed by the Juvenile Act.

Because the words of the statute are clear and free from ambiguity, a court should not disregard them "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). We hold, therefore, that it is only where a finding of guilt in criminal proceedings precedes the commission of an offense by a juvenile that the amendment to 42 Pa.C.S. § 6302 automatically deprives the Juvenile Court of jurisdiction to hear a petition alleging delinquency because of such offense.

The order of the trial court is affirmed.

CIRILLO, President Judge, and

BROSKY, J., file concurring opinions.

CIRILLO, President Judge, concurring.

I concur in Judge Wieand's decision to affirm the trial court's quashal of the complaint against Harvin thereby requiring the Commonwealth to file charges in the juvenile court. However, I can only concur in the result because I agree with the Commonwealth that once a child has been found guilty in a criminal proceeding, no other crimes involving that child, whether committed before or after the

> The nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the Juvenile Court to rehabilitate the child.
> Whether the child can be rehabilitated prior to the expiration of the Juvenile Court jurisdiction.
> Probation or institutional reports, if any.
> The nature and circumstances of the acts for which the transfer is sought.
> Any other relevant factors.
> (B) That the child is not committable to an institution for the mentally retarded or mentally ill.
> (C) That the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult.
> 42 Pa.C.S. § 6355(a).

finding of guilt, can constitute a "delinquent act." 42 Pa.C.S. § 6302. In my opinion, both the purpose of the Juvenile Act and the legislative intent behind the 1986 amendments to the Juvenile Act support this interpretation. Therefore, it *would have been* proper to file a juvenile petition against Harvin and allow the juvenile court to inquire whether Harvin had a prior finding of guilt in a criminal proceeding as of the time he was brought before the juvenile court. If the juvenile court concluded that Harvin did have a prior finding of guilt in a criminal proceeding, the the juvenile court should have ruled that the second crime did not constitute a delinquent act and should have immediately certified Harvin for trial as an adult.

The Juvenile Act, 42 Pa.C.S. § 6301 *et seq.,* applies exclusively in certain situations, including "[p]roceedings in which a child is alleged to be delinquent or dependent." 42 Pa.C.S. § 6303(a)(1). A child is not alleged to be delinquent every time he is accused of committing a crime. Murder, summary offenses, and "a crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense" do not constitute delinquent acts. 42 Pa.C.S. § 6302. Because these crimes are not delinquent acts, the juvenile court is without jurisdiction to hear such cases. 42 Pa.C.S. § 6303. The present controversy requires us to decide whether the finding of "guilt[ ] in a criminal proceeding" must occur prior to the commission of a second criminal act by a child in order to exclude the second criminal act from within the purview of the term "delinquent act."

In 1986, as part of House Bill 1498, our legislature amended the definition of a delinquent act. *See* 42 Pa.C.S. § 6302. This amendment did not increase the jurisdiction of the juvenile court, but instead, created a third exception to those acts deemed to be delinquent. Specifically, "[a] crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense" is not a delinquent act. 42 Pa.C.S. § 6302. Section 6302 has the effect of excluding certain recidivist offenders from the

juvenile justice system. This exclusion is consistent with the general objective sought by the 1986 amendments to the Juvenile Act:

We have experienced over the last decade such a significant increase in criminal activity on the part of children at lower and lower ages with increasing intensity that it justifies treating them as criminals on the criminal side of the court. . . .

I think it is about time that we recognize the need in society for treating those who are children conducting criminal activity with criminal minds repeatedly as a recidivist act in the criminal side. . . .

PA House Journal at 2258 (November 25, 1986) (debate on House Bill 1498). Clearly, the legislature intended that certain juvenile criminals be subject to the adult court system.

A stated purpose of the Juvenile Act is to substitute care, supervision, and rehabilitation for imprisonment of juvenile offenders. 42 Pa.C.S. § 6301(b)(2). However, this strong bent toward rehabilitation must be balanced with the protection of the public interest. *Id.* Accordingly, I believe that this notion of rehabilitation, and in particular, one's amenability to rehabilitation and treatment within the juvenile system, is a consideration that must pervade our interpretation of what constitutes a delinquent act. The above quoted legislative statement, when combined with this requirement of amenability to treatment, necessitates that the juvenile justice system be divested of jurisdiction to hear a case involving a repeat juvenile offender who cannot be rehabilitated in the juvenile system. Section 6302, by excluding certain crimes from within the definition of "delinquent act," deprives the juvenile court of jurisdiction and requires the juvenile court to automatically certify the juvenile for trial in the adult system.

Under section 6302, after a child has been found guilty in one criminal proceeding, subsequent crimes are outside the scope of the term "delinquent act." *See* 42 Pa.C.S. § 6302. The finding of guilt in a criminal proceeding is the sole

factor which determines whether a second offense constitutes a delinquent act. Thus, the legislature must consider that finding of guilt tantamount to a determination that a juvenile can no longer benefit from the care, supervision, and rehabilitation offered by the juvenile justice system. The finding of guilt itself signals an inability to be rehabilitated within the juvenile system and should be equated with a determination that the child is not amenable to treatment. Therefore, in my opinion, it is irrelevant whether the finding of guilt is made prior to the commission of the second offense or after. Because the focus is on the finding of guilt, not the timing of that finding, *it is imperative that the child's status be evaluated at the time of the delinquency hearing. Cf. Commonwealth ex rel. Kelly v. Aytch*, 254 Pa.Super. 28, 34 n. 1, 385 A.2d 508, 510 n. 1 (1978) (whether a defendant is a child as defined by the Juvenile Act affects the jurisdiction of the juvenile court to decide the case "and so must turn on [the defendant's] present status ...."). Hence, if at the time the child appears before the juvenile court following the commission of a second crime, the child has been found guilty in a prior criminal proceeding, the juvenile court must find that the second crime does not constitute a delinquent act, regardless of when the finding of guilt was made.

Section 6355, which dictates the procedures utilized when transferring cases from the juvenile court to a criminal proceeding, supports my assertion that the child's status must be evaluated as of the time he appears before the juvenile court. 42 Pa.C.S. § 6355. Before transferring the case, the juvenile court must find, *inter alia*, "[t]hat the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency." 42 Pa.C.S. § 6355(a)(4)(iii)(A). Although section 6355 is not explicit, the determination of amenability to treatment, logically, must be made when the child appears before the court, *not at the time the child committed the offense.* The child's status at the time of commission of the

offense is irrelevant when deciding whether the offender is *presently* amenable to treatment within the juvenile system. The importance of evaluating a child's status as of the time he appears before the court is evident in cases where there is a significant lapse of time between the commission of the first offense and the finding of guilt in a criminal proceeding. This lapse of time will occur when, for example, the Commonwealth's prosecution is delayed because the child evades capture or fails to report pursuant to a bail arrangement.

The majority would have the juvenile court assess the child's status as of the time he *commits* the second offense. When interpreting section 6302, we must construe it so as to best effectuate the legislative intent. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 592, 544 A.2d 1384, 1388 (1988). "Moreover, we are permitted to examine the practical consequences of a particular interpretation." *Id.* A practical consequence of the majority's interpretation will be disparate treatment of similarly situated juvenile offenders, and therefore, should be rejected. 1 Pa.C.S. § 1922(1) ("[t]he General Assembly does not intend a result that is ... unreasonable"). Regardless of whether the finding of guilt in a criminal proceeding is made before or after the commission of the second crime, the child is no longer amenable to treatment within the juvenile system. The legislatively prescribed event that signifies that a child is not amenable exists: a finding of guilt in a criminal proceeding. A juvenile should not be able to escape prosecution as an adult simply because he was able to thwart the Commonwealth's attempts to prosecute him by remaining at large. Accordingly, to prevent the juvenile court from treating similar juveniles differently, the juvenile court, when determining whether a delinquent act occurred, need only decide whether, *at the time of the delinquency hearing,* the "child ... has been found guilty in a criminal proceeding...." 42 Pa.C.S. § 6302.

Another practical consequence of the majority's interpretation will be to allow a juvenile offender who is no longer

amenable to treatment within the juvenile system to escape an adult punishment because of the fortuitous circumstance that he committed his second offense prior to being found guilty in a criminal proceeding. Again, I believe that once a juvenile has been found guilty in a criminal proceeding, he is no longer amenable to treatment within the juvenile system, regardless of when that finding is made. *Cf. Commonwealth v. Romeri*, 504 Pa. 124, 138, 470 A.2d 498, 505 (1983) ("it is unrealistic to believe that a youthful offender who the court determines cannot profit from the care, guidance and control aspects of a juvenile proceeding on the murder charge ... would be amenable to such care, guidance and control on the non-murder charges arising from the same criminal transaction"); *Commonwealth v. Cessna*, 371 Pa.Super. 89, 100, 537 A.2d 834, 839 (1988) ("if rehabilitation cannot be assured during the child's minority, while subject to the juvenile court jurisdiction, the child has failed to establish he is amenable to juvenile rehabilitation"). The timing of the finding of guilt is irrelevant to determining amenability to treatment, and therefore, should not be the factor dictating which system has jurisdiction.

Additional support for the proposition that the majority's interpretation of section 6302 is contrary to our legislature's intent is found in the history of House Bill 1498. The content of House Bill 1498 was originally included in Senate Bill 838. *See* PA House Journal at 2253 (November 25, 1986). Senate Bill 838, as finally passed by the Senate, excluded from the term delinquent act,

> a crime committed by a child ~~subsequent to a conviction of that child for a felony~~ WHO HAS BEEN FOUND GUILTY in a criminal proceeding.

Senate Bill 838 at 3.[1] Senate Bill 838, when originally proposed, contained language that supports the majority's

---

**1.** Underlining, ... and ~~Strikeouts~~ are utilized ... to indicate changes in prior statutory text.

Language that is added by amendment to existing sections and new sections that are added to existing acts are indicated by underlining.... ~~Strikeout~~ material (including ~~strikeout~~ material that has also been underlined ...) represents earlier revisions of the legisla-

interpretation of section 6302. However, the bill passed only after that language had been excised. The Senate specifically considered the majority's interpretation and rejected it. Judge Brosky, in his concurrence, states his belief that the stricken and added language only addresses the *type* of crimes that are involved. However, that language also affects the temporal relation of the crime and the finding of guilt. "[A] crime committed ... subsequent to a conviction" is definitely one which occurs *after* the conviction, whereas "a crime committed by a child who has been found guilty in a criminal proceeding" does not clearly specify when the crime must be committed. In the absence of any subsequent legislative statement to the contrary, I find this history persuasive and interpret section 6302 accordingly.

Like Judge Brosky, I too am concerned that the Commonwealth may abuse the system by unnecessarily delaying the prosecution of the second crime until a finding of guilt as to the first crime can be procured. That potential abuse, however, is an unfortunate by-product of this statute. We have no authority to rewrite the statute and, in effect, legislate. We must rely on the integrity of our District Attorneys to insure that no such abuse occurs. The legislature is aware of the potential abuses and should take whatever action it deems appropriate. For now, however, we must interpret the statute as it is presently written.

In my opinion the trial court correctly decided that it did not have jurisdiction to entertain the action against Harvin. On remand, the juvenile court should determine if Harvin has, as of the time he appears before the court, a prior finding of guilt in a criminal proceeding. If so, the juvenile court must transfer the case back to the adult trial division of the Philadelphia County Court of Common Pleas.

BROSKY, Judge, concurring:

tion that have been deleted during the legislative process and prior to final enactment.
Purdon's Pennsylvania Legislative Service at III.

Although I concur in the result reached by the majority, I write separately to address the following matter. Both the majority and the trial court focus upon the Juvenile Act, 42 Pa.C.S.A. § 6302, which defines the term "delinquent act".[1] This case, however, arises under 42 Pa.C.S.A. § 6322 of the Juvenile Act, which governs the transfer of actions from criminal proceedings to the Juvenile Court. § 6322(a) provides:

> Except as provided in 75 Pa.C.S. § 6303 (relating to rights and liabilities of minors) or in the event the child is charged with murder or has been found guilty in a criminal proceeding, if it appears to the court in a criminal proceeding that the defendant is a child, this chapter shall immediately become applicable, and the court shall forthwith halt further criminal proceedings and where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case. If it appears to the court in a criminal proceeding charging murder, that the defendant is a child, the case may similarly be transferred and the provisions of this chapter applied. In determining whether to transfer a case charging murder, the court shall apply the criteria in section 6355(a)(4)(iii)(A) (relating to transfer to criminal proceedings). However the child shall be required to show the court that the child is amenable to treatment, supervisions or rehabilitation as a juvenile by meeting the criteria listed in section 6355(a)(4)(iii)(A)....

1. Delinquent act is defined as "an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law or under local ordinances." 42 Pa.C.S.A. § 6302(1). However, the definition of delinquent act does not include:
   (i) The crime of murder.
   (ii) Summary offenses, unless the child fails comply with a lawful sentence imposed thereunder, in which event notice of such fact shall be certified to the court.
   (iii) A crime committed by a child who has been found guilty in a criminal proceeding for other than a summary offense.
   42 Pa.C.S.A. § 6302(2)(i)–(iii).

Under § 6322, it is clear that cases in which the child has been charged with murder or in which the child has been found guilty in a prior criminal proceeding, are excluded from transfer to the Juvenile Court. Further, where the child is charged with murder, he or she has the burden of establishing that transfer to the Juvenile Court is appropriate. In interpreting this provision, the Commonwealth contends that the statute requires that the trial court focus "on the juvenile's status at the time of the criminal proceeding, [and] not his status at the time the offense is committed." *See* Appellant's Brief at p. 12. For support, the Commonwealth includes an earlier version of the amendment in which certain language was deleted from the final copy.[2] The Commonwealth argues that the fact that some language has been deleted from the proposed amendment lends credence to its interpretation. However, the interpretation posed by the Commonwealth is erroneous.

First, nothing can be inferred from the legislature's deletion of certain language. The deleted language refers only to convictions for felonies. Therefore, in deleting the proposed language, the legislature may have intended this provision to apply to crimes which are classified as misdemeanors, in addition to those which are classified as felonies. Moreover, the interpretation suggested by the Commonwealth is inconsistent with the language contained in the Official Comment to § 6322.[3]

The Official Comment provides:

2. The amended language to which the Commonwealth refers is found in the definition of delinquent act, clause (2)(iii). The proposed version of clause (2)(iii) read as follows:

(iii) A crime committed by a child *subsequent to a conviction of that child for a felony* who has been found guilty in a criminal proceeding.

*See* Senate Bill No. 838, Session of 1985, Printer's No. 2243, as amended June 18, 1986 (emphasis added to language which has been deleted from the final version). The final version of this statute is found in footnote 1, *supra*.

3. The Official Comments to the Juvenile Act may be used in interpreting the statute. *See* 1 Pa.C.S.A. § 1939.

Subsection (a): This section, derived from Section 9 of the Uniform Act, authorizes transfers where the defendant is a "child," see Section 2 [42 Pa.C.S. § 6302]; *transfers are mandatory where the child was under the age of 18,* and permissive where the child was under 21 but over 18 *at the time of the alleged delinquent act.* The latter authority [that is, where the child is between the ages of 18 and 21 at the time that the act was committed,] should be exercised by the court only in those cases where to continue the criminal prosecution would be manifestly unjust; *the former authority* [that is, where the child is under the age of 18 at the time that the act was committed,] *requiring the exclusive application of this act,* is subject to retransfer proceedings initiated by the district attorney pursuant to Section 28 [42 Pa.C.S. § 6355]. Of course this section does not apply to a criminal prosecution initiated by the transfer proceedings under Section 28 [42 Pa.C.S. § 6355]. [Emphasis added.]

As the official comment makes clear, transfers under § 6322 are mandatory where the child is under the age of 18. More importantly, the comment provides that the court is to look at the time of the commission of the alleged delinquent act as the event which triggers the application of the Juvenile Act. *See also* the Official Comment to § 6302, which provides that part of the definition of the term "child" was intended to overcome the tendency to delay bringing children into court when the act committed was near age 18 in order to require criminal prosecution after reaching that age.

As applied to this case, it is undisputed that Eric Harvin was seventeen at the time he had committed the robbery on March 5, 1987. At this point in time, Harvin had not been adjudicated guilty in an adult criminal proceeding. Further the record reveals that the Commonwealth waited until Harvin had plead guilty in the adult proceeding before terminating the juvenile petition and instituting proceedings in the adult criminal court. This type of conduct is exactly

the kind of behavior which the Juvenile Act was designed to prevent, and which was disapproved of in the Official Comment to § 6302, *supra.*

Although the Commonwealth persuasively argues that Harvin is not amenable to rehabilitation in the juvenile system, an argument with which I am in whole-hearted agreement, this is unfortunately not a factor which is to be considered in determining whether a criminal case involving a juvenile should be transferred.[4]  The Official Comment to § 6322 clearly outlines the proper procedure to be followed in cases of this type.  Where the defendant falls within the definition of child, and neither of the exceptions involving a charge of murder or a prior adjudication of guilt are applicable, the case is to be transferred to the Juvenile Court, and upon such transfer, the Commonwealth is free to initiate re-transfer proceedings pursuant to 42 Pa.C.S.A. § 6355.  Contrary to what the Commonwealth believes, this will not lead to absurd results, as it is highly unlikely that the Juvenile Court will refuse to re-certify the child to the criminal court, especially where the child has demonstrated, by committing the felony of robbery, that he is not amenable to juvenile treatment or rehabilitation.  For these reasons, I believe the order of the trial court must be affirmed.

---

4.  As noted above, amenability to rehabilitation or other juvenile treatment *only* becomes relevant in the event that the child is charged with murder, or where the child has been found guilty in an adult criminal proceeding before he committed the subsequent alleged delinquent act.