**COMMONWEALTH of Pennsylvania**

v.

**Duane MENZER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 12, 1997.

Filed July 24, 1997.

Harry Otto, Assistant Public Defender, New Castle, for appellant.

William M. Panella, District Attorney, New Castle, for Commonwealth.

Before KELLY, J., CERCONE, President Judge Emeritus, and OLSZEWSKI, J.

OLSZEWSKI, Judge.

From August to October of 1991, Duane Menzer, appellant herein, and Yardiel Suarez sexually and physically assaulted L.H. In April of 1993, the Commonwealth filed a petition to transfer the proceedings from the Lawrence County Juvenile Court to the Law-

rence County Court of Common Pleas. After proper notice was given to all interested parties, a hearing was held relative to the Commonwealth's petition on June 16, 1993. By Order dated June 29, 1993, the Honorable Ralph Pratt certified appellant to be tried as an adult.

In August of 1994, appellant was convicted by a jury of involuntary deviate sexual intercourse, indecent assault and criminal conspiracy. Following the preparation of a presentence report, appellant was sentenced to an aggregate term of ten-to-twenty years' imprisonment.

A notice of appeal to this Court was timely filed. Due to appellate counsel's failure to file a brief, however, this Court dismissed appellant's appeal without prejudice. *Commonwealth v. Menzer*, No.2030 Pittsburgh 1994. Thereafter, asserting ineffective assistance of counsel, appellant filed a petition for collateral relief pursuant to the Post–Conviction Relief Act. Following a hearing on the merits of said petition, appellant was granted leave to file the instant direct appeal *nunc pro tunc*.

Appellant contends that, because insufficient evidence was presented at the certification hearing relative to his amenability to treatment in the juvenile system, the lower court erred in certifying him to be tried as an adult. More particularly, appellant avers that the Commonwealth presented "no evidence" to support the conclusion that his case should be transferred to the court of common pleas. Appellant's brief at 9. Because our review of the certification hearing record conclusively demonstrates the contrary, we affirm the lower court's Order.

At the time that the sexual offenses in this matter occurred, appellant, his co-conspirator and the victim were all residents at the sexual offenders unit of the New Castle Youth Development Center (YDC). Appellant's tenure at this institution began on July 5, 1991, and was the result of a transfer from the Allegheny County YDC, at which appellant had been incarcerated for a variety of non-sexual offenses. Following an adjudication of delinquency for sexual crimes committed against two fellow Allegheny County YDC inmates, appellant was transferred to the New Castle YDC sexual offenders program.

Upon arriving at the New Castle YDC, appellant was assigned to room with L.H. Almost immediately, appellant began to proposition L.H. for sexual favors. L.H. however, denied appellant's advances. In mid-August, appellant attacked L.H. in their room and, after choking the victim, forced him to engage in anal intercourse, fellatio and masturbation. Appellant then threatened L.H. with physical violence should he report the attack to YDC authorities.

For the next several months, appellant continued to sexually assault L.H. At some point, a third juvenile, Yardiel Suarez, was assigned to live with appellant and L.H. From that time onward, both appellant and Suarez forced L.H. to submit to their will.

In mid-October, while L.H. was walking down a corridor to the community showers, a YDC counselor noticed that L.H.'s back was scratched and freshly bleeding. After questioning, L.H. disclosed that appellant and Suarez had sexually assaulted him for the previous several months.

■ In order to properly certify a juvenile to be tried as an adult, a juvenile court must comply with the procedural and substantive mandates outlined in the Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.* Additionally, the court must make a record which adequately reflects the basis for its decision to transfer a case and demonstrates that the court gave careful consideration to the certification petition. *See, e.g., Commonwealth v. Jackson*, 456 Pa.Super. 181, 184, 690 A.2d 240, 241 (1997); *Commonwealth v. McGinnis*, 450 Pa.Super. 310, 315, 675 A.2d 1282, 1285 (1996). On appeal, this Court's review is limited to considering whether the hearing court abused its discretion. *Id.*

■ Instantly, appellant's sole claim questions whether the lower court erred in determining that appellant was not amenable to further treatment within the juvenile system. This is among a host of factors outlined in the Juvenile Act that the hearing judge must consider when deciding if the public interest would be served by transferring a case to a

court of common pleas. Specifically, the Act provides that a court must consider:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) **whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:**

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous record, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors; and

(iv) that there are reasonable grounds to believe that the child is not committable to an institution for the mentally retarded or mentally ill.

42 Pa.C.S.A. § 6355 (emphasis added).

In order to prove that appellant could not be adequately treated or rehabilitated within the juvenile system, the Commonwealth presented the testimony of Jeffrey Sunderman, Unit Manager at the maximum security unit of the New Castle YDC. Mr. Sunderman was questioned extensively relative to each of the above-listed factors. As a whole, his testimony established the following: (1) appellant entered the New Castle YDC sexual offenders program after being adjudicated delinquent in connection with a series of sexual assaults committed at the Allegheny County YDC, N.T. 6/16/93 at 16; (2) while at New Castle, appellant's behavior was very inconsistent and assaultive, *Id.* at 14–15; (3) appellant was intelligent and capable of controlling his behavior, although he chose not to, *Id.* at 16; (4) appellant was resistant to the intensive individual and group therapy offered at the center, *Id.* at 15–16; (5) appellant targeted his victims carefully and preyed on their vulnerability and weaknesses, *Id.* at 17; and, (6) appellant minimalized a great deal of the details of his sexual assaults, generally only admitting to the physical abuse, *Id.* at 25.

When asked, in sum, if appellant was amenable to further treatment within the juvenile system, Mr. Sunderman responded that "at this time I don't believe Duane is amenable to treatment. I believe he presents a risk to students in our program." *Id.* at 15–16. Further, Mr. Sunderman stated his opinion that, because "Duane is a high risk offender," the best interests of the community would be served by prosecuting his case in criminal court. *Id.* at 18.

After receiving this testimony, as well as that of the victim, the hearing court concluded that all of the dictates of the Juvenile Act had been satisfied and that certification of appellant as an adult was in the public interest. Specifically referencing Mr. Sunderman's testimony, the court stated that, due to appellant's prior juvenile record, degree of criminal sophistication and resistance to psychological counseling, among other factors, appellant was not amenable to further treatment within the juvenile system.

Our independent review of the record reveals no error committed by the hearing court. Appellant's vacuous assertion that "no evidence" was presented to prove that ongoing juvenile treatment would be futile is conclusively and repeatedly belied by the record. In fact, rather than merely accepting Mr. Sunderman's testimony without question, the court inquired as to whether Mr. Sunderman's opinions were colored by

the fact that the assaults occurred while appellant was housed in the sexual offenders unit.

In accordance with precedent, the record establishes that the court carefully and thoughtfully considered the certification question. As such, we hold that the court did not abuse its discretion in granting the Commonwealth's petition for transfer to the Court of Common Pleas of Lawrence County.

Judgment of sentence affirmed.