COMMONWEALTH of Pennsylvania,
Appellee,

v.

Larry SANDERS, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.
Filed Jan. 7, 2003.

J. Richard Narvin, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, and Karen T. Edward, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before LALLY–GREEN, TODD, and POPOVICH, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Larry Sanders, appeals *nunc pro tunc* from the judgment of sentence entered on July 21, 2000. We affirm.

¶ 2 The trial court found the following facts:

On March 5, 1999, the Penn Hills Police Department charged the Defendant, Larry Sanders, at CC No. 199903636, with five (5) counts each of Robbery, 18 Pa.C.S.A. § 3701; and Aggravated Assault, 18 Pa.C.S.A. § 2701; as well as Criminal Conspiracy, 18 Pa. C.S.A. § 903; Violation of the Uniform Firearms Act: Firearms Not to be Carried Without a License, 18 Pa.C.S.A. § 6106, and Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705.

The charges were filed for an incident that took place on February 15, 1999. At the time of the incident, and the time of the charges being filed, the Defendant was seventeen (17) years old.

On November 30, 1999, a Petition for Transfer of Jurisdiction was filed on the Defendant's behalf. A hearing on the petition was held on February 10, 2000, following which the petition was denied.

On April 24, 2000, the Defendant entered a general plea to the first twelve (12) counts and the last count was withdrawn by the Commonwealth.

On July 21, 2000, the Defendant was sentenced at the first two (2) Robbery counts to not less than six (6) nor more than fifteen (15) years incarceration to run consecutive to each other for an aggregate sentence of twelve (12) to thirty (30) years.

The Defendant failed to file a timely appeal of his sentence, but did file a Post–Conviction Relief Act Petition (P.C.R.A.). Following which this Court reinstated the Defendant's appellate rights *nunc pro tunc*.

On April 1, 2002, the defendant filed a Post–Sentence Motion, which was denied on April 3, 2002. This appeal follows.

Trial Court Opinion, 6/28/02, at 1–2 (footnote omitted).

¶ 3 Appellant raises one issue on appeal:

Did the trial court err when it denied the defendant's motion to decertify the case in this matter to the juvenile section of the family division of the Court of Common Pleas?

Appellant's Brief at 4. Appellant essentially argues that the record does not support the decertification court's decision to deny decertification from adult court to juvenile court. Appellant's Brief at 10.

¶ 4 The issue of certification between the juvenile and criminal divisions is jurisdictional and, therefore, not waivable. *Commonwealth v. Johnson,* 542 Pa. 568, 669 A.2d 315, 320–321 (1995). Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. *Commonwealth v. Aziz,* 724 A.2d 371, 378 (Pa.Super.1999), *appeal denied,* 563 Pa. 670, 759 A.2d 919 (2000). An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment passed upon partiality, prejudice or ill will. *Commonwealth v. McGinnis,* 450 Pa.Super. 310, 675 A.2d 1282, 1285 (1996).

¶ 5 Pursuant to 42 Pa.C.S.A. § 6322(a), when a juvenile has committed a crime, which includes murder, or any of the other offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.A. § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction. Likewise, 42 Pa.C.S.A. § 6355(e) explains that charges of murder, or any of the other offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.A. § 6302, requires that the offense be prosecuted in the criminal division. "Robbery," when committed with a deadly weapon, is one of the offenses listed which requires jurisdiction to vest in the criminal division. 42 Pa.C.S.A. § 6302.

¶ 6 When a case goes directly to criminal division, the juvenile has the option of requesting treatment within the juvenile system through a transfer process of "decertification." *Aziz,* 724 A.2d at 373. In determining whether to transfer such a case from criminal division to juvenile division, "the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S.A. § 6322(a). *See also, Aziz,* 724 A.2d at 373.

¶ 7 Pursuant to Section 6322(a), the decertification court shall consider the factors contained in Section 6355(a)(4)(iii) in determining whether the child has established that the transfer will serve the public interest. The statutorily set factors to be considered are as follows:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age; (II) mental capacity; (III) maturity; (IV) the degree of criminal sophistication exhibited by the child; (V) previous records, if any; (VI) the nature and extent of any prior delinquent history, including the success or

failure of any previous attempts by the juvenile court to rehabilitate the child; (VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction; (VIII) probation or institutional reports, if any; (IX) any other relevant factors; 42 Pa.C.S.A. § 6355(a)(4)(iii).

 ¶ 8 While the Juvenile Act requires that a decertification court consider all of the amenability factors, it is silent as to the weight assessed to each by the court. *Commonwealth v. Jackson,* 555 Pa. 37, 722 A.2d 1030, 1033 (1999). The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a decertification court. *Id.* at 1034. A decertification court must consider all of the factors set forth in Section 6355 of the Juvenile Act, but it need not address, *seriatim,* the applicability and importance of each factor and fact in reaching its final determination. *Id.*

 ¶ 9 In *Jackson,* our Supreme Court offered the following instruction regarding the extent to which the decertification court must explain its reasoning in order to provide meaningful appellate review:

The presumption in this Commonwealth remains that if a court has facts in its possession, it will apply them. *See Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988) (presuming that trial court considered pre-sentencing report); *Commonwealth v. Lee,* 703 A.2d 470, 474 (Pa.Super.1997); *Commonwealth v. McGinnis,* 450 Pa.Super. 310, 317, 675 A.2d 1282, 1286 (1996); *Commonwealth v. McDonald,* 399 Pa.Super. 250, 258, 582 A.2d 328, 331 (1990). When evaluating the propriety of a certification decision, absent evidence to the contrary, a reviewing court must presume that the juvenile court carefully considered the entire record.

\* \* \*

No law explicitly requires juvenile courts in this Commonwealth to provide a detailed explanation to justify a certification decision.

\* \* \*

 Meaningful appellate review of a certification decision becomes onerous when the reviewing court can not discern a juvenile court's reasons for finding a youth not amenable to juvenile treatment. However, a juvenile court need not annunciate each of its reasons in a formal certification statement.

*Id.* at 1034–1035 (footnote omitted).

¶ 10 Here, Appellant contends that other than the serious nature of the crime, no specific reason is of record supporting the decertification court's ruling. Appellant, thus, asserts that the trial court abused its discretion in failing to explain adequately its reasoning and should have given more weight to Appellant's lack of a prior juvenile record and the testimony of the licensed social worker/youth services intake worker, which indicated that Appellant was a candidate for rehabilitation in the juvenile system.

¶ 11 The trial court offered the following reasoning regarding this issue:

The Juvenile Act 42, Pa.C.S.A. § 6301, et. seq., as amended in 1995 vests original jurisdiction for specified violent felonies with criminal courts. Discretion in the decertification is vested in the trial judge and the burden of proof to justify transfer is placed upon the juvenile defendant, *Commonwealth v. Cotto,* 562 Pa. 32, 753 A.2d 217 (2000). The trial court's discretion on a decertification ruling will not be disturbed absent an abuse of discretion, *Commonwealth v. Pennington,* —— Pa.Super. —— 751 A.2d 212 (2000). A review of the denial of a petition to transfer applies the same standards as those at the time of the

initial review. In determining whether the pubic [sic] interest can be served, the court shall consider the following factors:

(A) the impact of the offense on the victim or victims:

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors;

 (I) age;

 (II) mental capacity;

 (III) maturity;

 (IV) the degree of criminal sophistication exhibited by the child;

 (V) previous records, if any;

 (VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

 (VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

 (VIII) probation or institutional reports, if any

 (IX) any other relevant factors...

42 Pa.C.S.A. § 6355(a)(4)(iii). See also, *Commonwealth v. Cotto,* supra.

As the shooter of three (3) individuals in this case, the Defendant was the primary moving force in these crimes. He demonstrated a callousness for the value of human life and a criminal sophistication devoid of amenability in the juvenile system. His lack of criminal record as a factor pales in comparison with the other factors that mandated a denial of his petition for decertification. Therefore, the Defendant's claim must fail.

Trial Court Opinion, 6/28/02, at 6–8.

¶ 12 Our review of the record reflects no abuse of discretion on the part of the juvenile court in deciding to keep Appellant in the criminal division. The evidence presented at the plea hearing indicated that on February 15, 1999, Appellant and his co-conspirators led five victims to a secluded area during a drug transaction. N.T., 4/24/2000, at 6–8. Appellant then took over the situation. *Id.* Appellant demanded money from the victims saying, "You know what time it is. Empty your pockets ... This ain't all you got. I want more." N.T., 4/24/2000, at 8; N.T., 2/10/00, at 55. Appellant then shot three of the victims. N.T., 4/24/2000, at 8, 12. Appellant also struck two of the victims in the head with the gun. *Id.* at 8–9, 12. Appellant was, thus, the leader in robbing and assaulting the victims. Two of the victims, and both co-conspirators, identified Appellant as the shooter. *Id.* at 12; N.T., 2/10/00, at 54. Appellant, thus, played the primary role in the attack and served as a deadly threat to five victims when he held them at gunpoint, robbed them, hit two of them, and shot three of them without any provocation.

¶ 13 Our review of the record also reflects that Randolph Matuscak, the intake director for Harbor Creek Youth Services, testified that Appellant's use of the words, "You know what time it is. Empty your pockets ... This ain't all you got. I want

more" would suggest a criminal sophistication on Appellant's part. N.T., 2/10/00, at 56.

¶ 14 Thus, in light of this evidence presented to the decertification court, Appellant has failed to establish that the decertification court abused its discretion, in failing to decertify his case to juvenile court. The decertification court properly considered the serious nature of the crime and Appellant's calculated and prominent role in the robbery and shootings of the victims. Thus, because reasons exist of record which support the decertification court's decision, we cannot reweigh the factors or evidence presented. *Jackson.* Accordingly, Appellant's claim fails.

¶ 15 Judgment of sentence affirmed.