YATRON, P.J.,
Vincent Fenner (“appellant”) pled guilty to robbery of a motor vehicle[1] on November 24, 2014. Appellant was sentenced the same day to not less than four-and-a-half (4.5) nor more than fifteen (15) years’ incarceration, with credit for 536 days of time served. Appellant filed a notice of appeal on December 23, 2014. We granted the withdrawal petition of appellant’s attorney, Elizabeth M. Ebner, Esquire, on January 12, 2015; in the same order, we appointed the Berks County Public Defender’s Office to represent appellant. On February 4, 2015, we ordered the filing of a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Appellant filed a timely concise statement on February 25, 2015.
Appellant raises the following matters for appellate review:
*461 1. That the decertification court abused its discretion in denying the defendant’s petition to decertify this matter to juvenile court.
CONCISE STATEMENT, February 25, 2015.
Procedural History
At the time of the criminal offenses, appellant was seventeen years old. On January 23, 2014, appellant’s then-attorney, Sean Fitzgerald, Esquire, filed a “motion to transfer from Criminal Court to Juvenile Court.” Judge Arthur E. Grim denied the petition in an order dated April 29,2014. The order succinctly but comprehensively explains the sound reasoning of Judge Grim’s decision, and we reproduce it here in its entirety:
AND NOW, this 29th day of April, 2014, after hearing, upon consideration of the testimony, the evidence, as well as the arguments of counsel, the court concludes that the defense has failed to establish by a preponderance of the evidence that the transfer will serve the public interest; and, accordingly, the petition to decertify this matter to the Juvenile Court is denied in accordance with 42 Pa.C.S.A. Section 6322.
In determining whether the child has so established that the transfer will serve the public interest, I have considered the factors set forth in Section 6355(a)(4) (iii); to wit, the impact of the offense on the victim or victims, which the court has found to be extraordinarily serious; the impact of the offense on the community; the threat to the safety of the public posed by the child; the nature and circumstances of the offense committed by the child; the degree of the child’s culpability as well as the adequacy and duration of dispositional alternatives available under the Juvenile Act as well as in the Adult Criminal Justice System.
*462 In addition, I have considered whether the child is amenable to treatment, supervision, or rehabilitation as a Juvenile and have determined, based on all factors set forth in Subparagraph (G), that he is not amenable. It has also been stipulated that the child is not committable to an institution for the mentally retarded or mentally ill. And as a result, the defense petition requesting transfer of this matter to the Juvenile Court is denied.
ORDER, April 29, 2014.
Discussion
Appellant argues that the decertification court abused its discretion in denying his petition to decertify the case to juvenile court. CONCISE STATEMENT at ¶1.
The appellate courts afford great deference with regards to decertification. “Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion.” Commonwealth v. Sanders, 814 A.2d 1248, 1250 (Pa. Super. 2003) (quoting Commonwealth v. Aziz, 724 A.2d 371, 378 (Pa. Super. 1999), appeal denied, 759 A.2d 919 (Pa. 2000)). “An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment passed upon partiality, prejudice or ill will.” Sanders, 814 A.2d at 1250 (quoting Commonwealth v. McGinnis, 675 A.2d 1282, 1285 (Pa. Super. 1996)).
Due to the nature of the charges in this case, appellant was obliged to show by apreponderance ofthe evidence that a transfer to juvenile court would serve the public interest. See 42 Pa.C.S.A. § 6322(a). In making this determination, Pennsylvania law requires that the decertification court consider the following factors:
(A) the impact of the offense on the victim or victims;
*463 (B) the impact of the offense on the community;
(C) the threat to the safety of the public or any individual posed by the child;
(D) the nature and circumstances of the offense allegedly committed by the child;
(E) the degree of the child’s culpability;
(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and
(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:
(I) age;
(II) mental capacity;
(III) maturity;
(IV) the degree of criminal sophistication exhibited by the child;
(V) previous records, if any;
(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;
(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;
(VIII) probation or institutional reports, if any;
(IX) any other relevant factors; and
(iv) that there are reasonable grounds to believe that *464 the child is not committable to an institution for the mentally retarded or mentally ill.
42 Pa.C.S.A. § 6355(a)(4)(iii). The Juvenile Act does not, however, dictate the weight assessed to each factor by the court, and it does not require the court to provide a detailed explanation of its decision.[2] Sanders, 814 A.2d at 1251 (citing Commonwealth v. Jackson, 722 A.2d 1030, 1033 (Pa. 1999)); see also Commonwealth v. Ruffin, 10 A.3d 336, 339 (Pa. Super. 2010) (citation omitted) (“A decertification court must consider all the facts set forth in § 6355 of the Juvenile Act, but it need not address, seriatim, the applicability and importance of each factor and fact in reaching its final determination.”). “The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a decertification court.” Sanders, 814 A.2d at 1251 (quoting Jackson, 722 A.2d at 1034).
In the order transcribed supra, Judge Grim explains that he considered the requisite six factors contained in Section 6355(a)(4)(iii). We have reviewed the notes of testimony from the decertification hearing held April 29, 2014, and we agree entirely that a transfer would not have served the public interest. Judge Grim’s decision to deny decertification comes nowhere near a “gross abuse of discretion,” which is the applicable standard.
*465 For purposes of the decertification hearing, counsel stipulated that there was a prima facie case. NOTES OF TESTIMONY (“N.T.”), April 29, 2014 at 4. Counsel also stipulated to appellant’s prior juvenile record in York County. Id. at 5. With regards to the underlying offense, the following exchange during appellant’s guilty plea usefully summarizes the relevant facts:
District Attorney: By pleading guilty do you admit that on or about the date of April 15th of '2013, that you were in the area of 1643 Lancaster Avenue, Cumru Township, Berks County, Pennsylvania; that while there, an individual by the name of Victor Castillo was working at Supreme Cleaners. He got off his shift, went into his vehicle. When he sat down in his vehicle, he had a side window down. You did approach the vehicle, displayed a handgun through the open window at Mr. Castillo. You demanded that he exit the vehicle —
Appellant: Yes.
District Attorney: — or you would shoot him. He then exited the vehicle. You did threaten him again that you would shoot him when he exited the vehicle and he did then flee. You did then jump in the vehicle and steal the vehicle that was rented by Victor Castillo, a 2013 Hyundai Sonata, and you did then take that vehicle?
Appellant: Yes.
District Attorney: Do you admit those facts?
Appellant: Yes.
N.T., November 24, 2014 at 5-6.
During the decertification hearing, the defense called Dr. Larry Rotenberg, an expert in the field of psychiatry. Dr. Rotenberg testified that society would be better served *466 if appellant was retained in the juvenile justice system. N.T., April 29, 2014 at 7-56. Dr. Rotenberg also testified, however, that appellant “would be at the bottom 10 percent of the people that I would recommend for being in the juvenile system for all the reasons I’ve said and all of his escalating activities.” Id. at 27.
The Commonwealth then called Christopher Lis, a police detective for Cumru Township in Berks County, who investigated this case and filed the charges. Id. at 57-58. Detective Lis testified that the alleged crimes had impacted the community. Specifically, residents and employees of the area feared that the area may be unsafe. Id. at 59, 66. The community was aware that a gun had been used during the commission of the crime, and carjackings are exceedingly rare in Cumru Township. Id. at 61, 66. Additionally, the victim of the crime remained “traumatized” and “devastated,” even after a significant passage of time. Id. at 62. When Officer Lis interviewed appellant, he seemed fearful of the possible consequences, but he exhibited no empathy towards the victim. Id. at 63.
The Commonwealth also called the vi ctim of the crime to testify. Id. at 68. The victim recounted the terror he felt that day due to appellant’s threats and actions. He also described how the crime had dramatically impacted his livelihood, family life, and mental health. Id. at 70-79.
In light of this evidence and testimony, appellant has clearly failed to establish that the decertification court abused its discretion in failing to decertify his case to juvenile court. The decertification court considered the extraordinarily serious nature of the crime, appellant’s role in the offense, and the devastating effect of the crime on the victim. The record entirely supports Judge Grim’s decision. Indeed, it is difficult to imagine how it could be construed as an abuse of discretion.
*467 Conclusion
For all of the foregoing reasons, this court respectfully requests that the instant appeal be denied and the judgment of sentence affirmed.

. 18 Pa.C.S.A. § 3702(a).

. In Sanders, the Superior Court found no abuse of discretion where the lower court offered this brief explanation of its decision:
As the shooter of three (3) individuals in this case, the defendant was the primary moving force in these crimes. He demonstrated a callousness for the value of human life and a criminal sophistication devoid of amenability in the juvenile system. His lack of criminal record as a factor pales in comparison with the other factors that mandated a denial of his petition for decertification. Therefore, the defendant’s claim must fail.
Sanders, 814 A.2d at 1252. Accordingly, Judge Grim’s order is clearly sufficient, as it offers a more thorough explanation of his reasoning.