J-S49045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT K. FENNER, | |
| Appellant | No. 2189 MDA 2014 |

Appeal from the Judgment of Sentence of November 24, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003036-2013

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 11, 2015**

Appellant, Vincent K. Fenner, appeals from the judgment of sentence entered on November 24, 2014.  We affirm.

The factual background of this case is as follows.  On April 15, 2013, Victor Castillo ("Castillo") entered his vehicle which was parked outside of a drycleaning business located in Cumru Township.  Appellant, who was three months shy of his 18th birthday, approached the vehicle, pointed a firearm at Castillo, and demanded he exit the vehicle or Appellant would shoot him.  When Castillo exited the vehicle, Appellant shoved him to the ground and pushed the barrel of the firearm into his neck.  Appellant eventually entered the driver's seat of Castillo's vehicle and fled.

The relevant procedural history of this case is as follows.  On July 26, 2013, Appellant was charged via criminal information with four counts of

robbery,[1] robbery of a motor vehicle,[2] theft by unlawful taking,[3] receiving stolen property,[4] making terroristic threats,[5] simple assault,[6] possession of a firearm by a minor,[7] and unauthorized use of a motor vehicle.[8] On November 22, 2013, Appellant filed a decertification motion seeking transfer of this case to juvenile court. On April 29, 2014, a decertification hearing was held. On May 2, 2014, the decertification court denied Appellant's motion.[9]

On November 24, 2014, Appellant pled guilty to robbery of a motor vehicle. The remaining ten charges were dismissed. Appellant was

---

[1] 18 Pa.C.S.A. § 3701.

[2] 18 Pa.C.S.A. § 3702.

[3] 18 Pa.C.S.A. § 3921.

[4] 18 Pa.C.S.A. § 3925.

[5] 18 Pa.C.S.A. § 2706.

[6] 18 Pa.C.S.A. § 2701.

[7] 18 Pa.C.S.A. § 6110.1.

[8] 18 Pa.C.S.A. § 3928.

[9] Although the order is dated April 29, 2014, it was not docketed until May 2, 2014.

immediately sentenced to 4½ to 15 years' imprisonment. This timely appeal followed.[10]

Appellant presents one issue for our review:

Whether the decertification court abused its discretion in denying [Appellant's] pre-trial [motion] to [d]ecertify this matter and transfer the case to juvenile court?

Appellant's Brief at 5.

In his only issue on appeal, Appellant contends the decertification court erred by not decertifying this case and transferring it to juvenile court.[11] "This Court will not overturn a decision to grant or deny decertification absent a gross abuse of discretion." *Commonwealth v. Thomas*, 67 A.3d 838, 843 (Pa. Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014) (citation omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of

---

[10] On February 4, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On February 25, 2015, Appellant filed his concise statement. On March 2, 2015, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

[11] "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) (internal quotation marks and citation omitted). Denial of a decertification motion, however, presents a jurisdictional issue. *See Commonwealth v. Johnson*, 669 A.2d 315, 320 (Pa. 1995), *citing Commonwealth v. Leatherbury*, 568 A.2d 1313, 1315 (Pa. Super. 1990).

record." ***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015) (internal alteration and citation omitted).

In this case, Appellant was charged as an adult because robbery and robbery of a motor vehicle are excluded from the definition of a delinquent act when committed by an individual at least 15 years of age who possesses a deadly weapon. 42 Pa.C.S.A. § 6302(2)(ii)(D-E). The decertification statute provides that:

> In determining whether to transfer a case . . . the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest. In determining whether the child has so established that the transfer will serve the public interest, the court shall consider the factors contained in section 6355(a)(4)(iii).

42 Pa.C.S.A. § 6322(a).

Section 6355(a)(4)(iii) mandates that the decertification court consider the following factors when making a decertification decision:

> (A) the impact of the offense on the victim or victims;
>
> (B) the impact of the offense on the community;
>
> (C) the threat to the safety of the public or any individual posed by the child;
>
> (D) the nature and circumstances of the offense allegedly committed by the child;
>
> (E) the degree of the child's culpability;
>
> (F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any; [and]

(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355(a)(4)(iii). "While the Juvenile Act requires that a decertification court consider all of these factors, it is silent as to the weight assessed to each by the court." *Commonwealth v. Brown*, 26 A.3d 485, 492 (Pa. Super. 2011) (citation omitted). Thus, a decertification court is free to weigh the factors as it deems appropriate. *Commonwealth v. Sanders*, 814 A.2d 1248, 1251 (Pa. Super. 2003), *appeal denied*, 827 A.3d 430 (Pa. 2003) (citation omitted). Furthermore, although the decertification "court must consider all the fact[ors] set forth in [section] 6355 of the Juvenile Act, [] it need not address, *seriatim*, the applicability and importance of each factor and fact in reaching its final determination."

- 5 -

***Commonwealth v. Ruffin***, 10 A.3d 336, 339 (Pa. Super. 2010) (citation omitted).

In this case, the decertification court carefully considered the six statutory factors and determined that Appellant failed to prove that transfer to juvenile court served the public interest. As to the first factor, the decertification court considered the crime's impact on Castillo. It found the impact on Castillo "to be extraordinarily serious." Order, 5/2/14, at 1. Therefore, the decertification court gave the first factor more weight than the other five factors. This decision was supported by the record. At the decertification hearing, Castillo testified that he had worked at the drycleaning business for 14 years. N.T., 4/29/14, at 70. After this incident, however, he quit his job and moved out of Reading. ***Id.*** at 70, 74. Castillo also testified that he saw a therapist because of recurring nightmares caused by this incident. ***Id.*** at 73-75. Castillo stated "sometimes I would prefer that he had killed me that night because he killed most of [] my life." ***Id.*** at 78.

At the decertification hearing, Appellant called Dr. Larry A. Rotenberg, an expert witness in the field of psychiatry. Dr. Rotenberg examined Appellant and prepared an expert report relating to the decertification issue. At the decertification hearing, Dr. Rotenberg testified that "[t]he effect on [Castillo], again, could not be more serious. [Castillo] was essentially carjacked. His vehicle was taken away. He was threatened literally with his

life. He was threatened with a gun." *Id.* at 10. Therefore, even Appellant's own expert's testimony supported the decertification court's conclusion that Appellant's actions had a significant impact on the victim.

As to the second factor, the decertification court considered the impact of Appellant's crime on the community. Castillo testified that his whole family was uprooted and no longer enjoyed the same lifestyle as a result of this incident. *Id.* at 72-76. Detective Christopher Lis also testified at the decertification hearing. He testified that "[t]his incident very clearly had an impact on the community. There is no doubt about it that people were scared. It put people in fear because . . . this is not a crime you see occur in Cumru Township[.]" *Id.* at 66. Dr. Rotenberg concurred with Detective Lis on the community impact. Dr. Rotenberg testified that "the effect on the community of [Appellant's] continuing and progressive acting out is exceedingly serious." *Id.* at 10. Thus, Dr. Rotenberg's testimony supported the conclusion that the second factor deserved substantial weight.

As to the third factor, the decertification court considered the threat to the public posed by Appellant. Specifically, the decertification court considered Appellant's past juvenile record. Commonwealth's Exhibit 2. The juvenile record showed that Appellant's crimes had become more violent over time. *See id*. In addition, Dr. Rotenberg stated that Appellant's crimes showed an escalation in the nature and scope of the threat he posed to the community. Defense Exhibit 1, at 8.

As to the fourth factor, the decertification court considered the nature and circumstances of this incident. In addition to the testimony from Detective Lis and Castillo, the decertification court considered the police report relating to the incident. Commonwealth's Exhibit 1. As evidenced by the factual recitation above, this was not an ordinary robbery. Appellant pulled Castillo out of his vehicle and pushed him to the ground. Appellant also repeatedly threatened to kill Castillo and shoved the barrel of the firearm into Castillo's neck on several occasions. In his expert report, Dr. Rotenberg stated that the nature and circumstances of the offense "were particularly onerous and dangerous." Defense Exhibit 1, at 8.

As to the fifth factor, the decertification court considered Appellant's culpability for this crime. Dr. Rotenberg testified that Appellant's culpability for the instant offense was lessened because he was aided and abetted by an adult female. Specifically, Dr. Rotenberg testified that "while this in no way excuses his crime . . . it diminishes, to some extent, the extreme gravity of the situation." N.T., 4/29/14, at 13. Furthermore, Dr. Rotenberg testified that Appellant's culpability was lesser because he had taken Ecstasy and Xanax on the day of the incident. *Id.* at 15.

As to the final factor, the decertification court considered whether Appellant is amenable to treatment. First, it considered the fact that Appellant was only three months shy of his 18th birthday at the time of the offense. Dr. Rotenberg stated that Appellant had a less than average mental

capacity and level of maturity. Defense Exhibit 1, at 8. Dr. Rotenberg also stated that Appellant lacked criminal sophistication. *Id.* As noted above, the decertification court reviewed Appellant's prior juvenile record and the nature and extent of his prior delinquent acts. Commonwealth's Exhibit 2. It also reviewed the failure of the juvenile court to rehabilitate Appellant. It considered Dr. Rotenberg's testimony that this failure was caused by Appellant not being placed in a single location for an extended time period. Finally, the decertification court considered Dr. Rotenberg's testimony as to whether Appellant could be rehabilitated prior to his 21st birthday.

Dr. Rotenberg concluded that decertification was in the public's interest. Defense Exhibit 1, at 8-9. Taken as a whole, however, Dr. Rotenberg's testimony and expert report expressed his view that a small chance of rehabilitation in the juvenile court system was better than no chance of rehabilitation in the adult criminal system. Thus, Dr. Rotenberg's testimony was not a strong endorsement of decertification. Instead, Dr. Rotenberg testified that Appellant "would be at the bottom 10 percent of the people that I would recommend for being in the juvenile system[.]" N.T., 4/29/14, at 27. Thus, even Dr. Rotenberg testified that this was a close call. The decertification court's decision against decertification, therefore, cannot be considered an abuse of discretion.

Appellant argues that the decertification court placed undue consideration on the first and second factors. This argument is without

merit. First, Appellant's argument is based on the assumption that the decertification court did not meaningfully consider the other factors. The record reflects, however, that the decertification court carefully considered the other four factors. The two factors Appellant relies upon, the fifth and sixth factors, were weighed less based upon Dr. Rotenberg's own testimony. Dr. Rotenberg admitted that there was little chance of rehabilitation and that Appellant was, to a significant degree, culpable for the offense. The decertification court carefully considered Dr. Rotenberg's testimony when deciding how to weigh those factors. Furthermore, as noted above, section 6355(a) does not set forth the weight to be afforded to each factor. **Brown**, 26 A.3d 492. Instead, the decertification court is free to weigh the factors as it deems appropriate. **Sanders**, 814 A.2d at 1251. The decertification court's weighing of the factors was not arbitrary or capricious. Therefore, we may not overturn the decertification court's decision on this basis.

Finally, Appellant tries to differentiate this case from several cases in which this Court affirmed the denial of decertification. Notably, however, Appellant does not cite to any case in which this Court overturned denial of decertification in factual circumstances similar to those in the case *sub judice*. We decline Appellant's invitation to ignore our standard of review and conduct a *de novo* review of the record.

The General Assembly has determined that individuals at least 15 years of age, who possess a deadly weapon and commit robbery and/or

robbery of a motor vehicle, should most often be tried as an adult. In this case, the decertification court found that Appellant failed to show that transfer to juvenile court would be in the public's interest. The decertification court properly weighed all of the statutory factors when reaching this decision and its decisions is supported by ample evidence. Accordingly, we conclude that the decertification court did not abuse its discretion in denying Appellant's decertification motion requesting transfer of this case to juvenile court.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015