J-S25004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK CROSBY | : | |
| | : | |
| Appellant | : | No. 669 WDA 2017 |

Appeal from the Judgment of Sentence April 3, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002531-2015

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                          FILED MAY 29, 2018

Appellant, Malik Crosby, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his negotiated guilty plea to involuntary manslaughter (18 Pa.C.S.A. 2504(a)). We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case. Therefore, we only summarize the incident leading to Appellant's criminal charges. On January 10, 2015, Appellant was a resident at the Circle C Group Home. On that date, two other residents of the group home, Victim and Mr. Shepard, began to argue. The verbal altercation escalated and became physical. During the argument, Victim picked up a vacuum and threw it at Mr. Shepard. Appellant and Mr. Shepard then jumped on Victim and started punching and hitting him. Appellant picked up the vacuum and began striking Victim's stomach/rib area with it while Mr.

Shepard placed Victim in a chokehold. Joylynn Grant, the Youth Specialist on site, witnessed the attack and shouted at Appellant and Mr. Shepard to let go of Victim. Ms. Grant told Appellant and Mr. Shepard that Victim was turning purple, but Appellant and Mr. Shepard continued to beat Victim. Victim died a few days later of an anoxic brain injury due to the compression of his neck.

Appellant raises three issues for our review:

> WERE [APPELLANT'S] U.S. CONST. AMEND. XIV AND PA. CONST. ART. I § 9 DUE PROCESS RIGHTS VIOLATED WHEN HIS CASE WAS ADJUDICATED BY AN ALLEGHENY COUNTY CRIMINAL DIVISION JUDGE RATHER THAN, AS IT SHOULD [HAVE] BEEN, BY AN ALLEGHENY COUNTY JUVENILE JUDGE?
>
> DID THE ALLEGHENY COUNTY COURT OF COMMON PLEAS CRIMINAL DIVISION LACK SUBJECT MATTER JURISDICTION OVER APPELLANT'S CASE, GIVEN THAT TRANSFER TO THE JUVENILE SECTION OF THE FAMILY DIVISION OF SAID COURT, PURSUANT TO 42 PA.C.S. § 6322, WAS IN ORDER?
>
> DID THE ALLEGHENY COUNTY CRIMINAL DIVISION JUDGE WHO DENIED APPELLANT'S 42 PA.C.S. § 6322 TRANSFER MOTION ABUSE HIS DISCRETION?

(Appellant's Brief at 3).

Our review of this case implicates the following principles:

> The issue of certification between the juvenile and criminal divisions is jurisdictional and, therefore, not waivable. Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment [based] upon partiality, prejudice or ill will.

Commonwealth v. Sanders, 814 A.2d 1248, 1250 (Pa.Super. 2003), appeal

denied, 573 Pa. 704, 827 A.2d 430 (2003) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey A. Manning, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (See Trial Court Opinion, filed November 21, 2017, at 4-11) (finding: at January 12, 2016 decertification hearing, Appellant presented testimony from forensic psychologist Dr. Applegate, who opined Appellant would be amenable to treatment in juvenile system; Dr. Applegate testified that facts underlying criminal charges demonstrated Appellant was not particularly culpable, noting Appellant did not start or finish altercation with Victim; Commonwealth presented testimony from psychiatrist Dr. Wright, who discussed Appellant's long history of behavioral problems; Dr. Wright said Appellant was inconsistent during Dr. Wright's examination of Appellant, which raised concerns about reliability of information Appellant provided; Dr. Wright opined Appellant was not amenable to treatment in juvenile system based on Appellant's diminished intellectual functioning, lack of maturity, disinterest in receiving treatment or changing his life, and magnitude of offense; Dr. Wright noted Appellant has pattern of repeated, physical aggression, that has been resistant to any treatment; Dr. Wright's opinion was more persuasive; of particular importance to court's decision was failure of previous attempts to rehabilitate Appellant; Appellant has had benefits of other programs before

this incident; those failed interventions, coupled with serious nature of Appellant's conduct and tragic result of that conduct, led court to conclude Appellant was no longer amenable to treatment in juvenile court's jurisdiction; notably, Appellant's conduct here was completely unnecessary; Appellant did not know either of initial combatants but decided to interject himself into their fight, which should have been of no concern to Appellant; Appellant's actions are consistent with Dr. Wright's analysis of Appellant's pattern of outbursts and inability to control himself; transferring Appellant's case to juvenile court did not serve public interest). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2018