J-A11028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAQUAYE SMITH | : | |
| | : | |
| Appellant | : | No. 851 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 7, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015208-2018

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED: JUNE 22, 2021**

Appellant, Laquaye Smith, on behalf of Jamour Hillard,[1] appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his guilty plea to aggravated assault and possession of a firearm by a minor.[2]  We affirm.

---

[1] Jamour Hillard, Appellant's son, was the juvenile defendant in this case.  Mr. Hillard died during the pendency of the appeal and his mother filed a petition for substitution of party per Pa.R.A.P. 502.  This Court granted the petition for substitution on October 22, 2020.  An appeal is not automatically rendered moot following the death of a criminal defendant during the pendency of the appeal.  ***See Commonwealth v. Walker***, 447 Pa. 146, 148 n.1, 288 A.2d 741, 742 n.1 (1972) (addressing merits of appeal despite defendant's death); ***Commonwealth v. Bizzaro***, 535 A.2d 1130, 1132 (Pa.Super. 1987) (noting it was in interests of justice to consider merits of appeal where counsel for appellant requested court do so, and Commonwealth did not object).  Here, the Commonwealth did not object to the substitution request.  Thus, we will consider the appeal on the merits; we will refer to Mr. Hillard as "Appellant."

[2] 18 Pa.C.S.A. §§ 2702 and 6110.1, respectively.

The relevant facts and procedural history of this case are as follows. On November 10, 2018, when Appellant was 15 years old, he obtained a firearm and arranged a drug transaction with Victim. During the transaction, a disagreement occurred, and Appellant shot Victim in the leg. Victim sustained serious injuries as a result of the gunshot wound. After the shooting, Appellant took marijuana from Victim's pocket.

Charges were initially filed against Appellant in the Allegheny County Court of Common Pleas, Criminal Division. On February 19, 2019, Appellant filed a petition to transfer jurisdiction to juvenile court. The court held a decertification hearing on June 21, 2019. At the hearing, Appellant presented the testimony of Dr. Molly Scott-Anthony, PsyD., who had conducted a forensic psychological evaluation of Appellant on June 17, 2019. Dr. Scott-Anthony's report was entered into evidence as Defense Ex. B. At the conclusion of the hearing, the court denied Appellant's petition. On June 26, 2019, Appellant filed a motion for reconsideration. The court denied Appellant's motion on June 27, 2019.

On July 7, 2020, Appellant pled guilty to one count of aggravated assault and one count of possession of a firearm by a minor. The court sentenced Appellant to an aggregate term of 3-6 months' incarceration followed by 5 years' probation. Appellant was immediately paroled.

On August 6, 2020, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal

per Pa.R.A.P. 1925(b). On August 21, 2020, Appellant filed a petition seeking an extension of time to file the Rule 1925(b) statement, which the court granted. On October 16, 2020, Appellant filed the Rule 1925(b) statement.

On appeal, Appellant raises the following issue for our review:

> Whether the decertification court grossly abused its discretion in denying [Appellant's] request to transfer his case to Juvenile Court?

(Appellant's Brief at 5).

Appellant argues the court erred in denying his petition because he had established it was more likely than not that a transfer to juvenile court would serve the public interest. Appellant contends the evidence proved, and the court conceded, that he was amenable to treatment, and that other factors, including his young age, mental capacity, mental immaturity, and lack of prior record or delinquent history, weighed in favor of decertification. Appellant maintains he was amenable to treatment based upon a number of factors. Specifically, Appellant claims he had never been in legal trouble until living with his father, a time when Appellant had been denied basic needs such as food and haircuts. Appellant insists that, as a vulnerable juvenile, he would be less likely to commit another crime while living with his mother. Appellant emphasizes that he had no criminal record, and based on studies and caselaw, as well as his mental capacity, culpability, and maturity, decertification was proper. Appellant also complains that the court ignored his version of events and the expert's conclusion, in favor of the events as presented in the affidavit

and criminal complaint. Appellant concludes the trial court erred in denying his petition to transfer, and this Court must grant appropriate relief. We disagree.

This Court has explained:

> The issue of certification between the juvenile and criminal divisions is jurisdictional and, therefore, not waivable. Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment [based] upon partiality, prejudice or ill will.

*Commonwealth v. Sanders*, 814 A.2d 1248, 1250 (Pa.Super. 2003), *appeal denied*, 573 Pa. 704, 827 A.2d 430 (2003) (internal citations omitted).

"Pursuant to 42 Pa.C.S.A. § 6322(a), when a juvenile has committed a crime, which includes murder, or any of the other offenses listed under paragraph (2)(ii) or (iii) of the definition of "delinquent act" in 42 Pa.C.S.A. § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction." *Id.* at 1250. This list of offenses includes aggravated assault. *See* 42 Pa.C.S.A. § 6302.

> When a case goes directly to criminal division, the juvenile has the option of requesting treatment within the juvenile system through a transfer process of "decertification." [*Commonwealth v. Aziz*, 724 A.2d 371, 373 (Pa.Super. 1999), *appeal denied*, 563 Pa. 670, 759 A.2d 919 (2000)]. In determining whether to transfer such a case from criminal division to juvenile division, "the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S.A. § 6322(a). *See also*, *Aziz*, 724 A.2d at 373.

Pursuant to Section 6322(a), the decertification court shall consider the factors contained in Section 6355(a)(4)(iii) in determining whether the child has established that the transfer will serve the public interest. The statutorily set factors to be considered are as follows:

(A)   the impact of the offense on the victim or victims;

(B)   the impact of the offense on the community;

(C)   the threat to the safety of the public or any individual posed by the child;

(D)   the nature and circumstances of the offense allegedly committed by the child;

(E)   the degree of the child's culpability;

(F)   the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G)   whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

> (I) age; (II) mental capacity; (III) maturity; (IV) the degree of criminal sophistication exhibited by the child; (V) previous records, if any; (VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child; (VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction; (VIII) probation or institutional reports, if any; (IX) any other relevant factors;

42 Pa.C.S.A. § 6355(a)(4)(iii).

While the Juvenile Act requires that a decertification court consider all of the amenability factors, it is silent as to the weight assessed to each by the court. ***Commonwealth v. Jackson***, 555 Pa. 37, [45,] 722 A.2d 1030, 1033 (1999). The ultimate decision of whether to certify a minor to stand

trial as an adult is within the sole discretion of a decertification court. **Id.** at [45, 722 A.2d at] 1034. A decertification court must consider all of the factors set forth in Section 6355 of the Juvenile Act, but it need not address, *seriatim*, the applicability and importance of each factor and fact in reaching its final determination. **Id.**

**Sanders, supra** at 1250-51.

Further:

When a juvenile seeks to have his case transferred from the criminal division to the juvenile division, he must show that he is in need of and amenable to treatment, supervision or rehabilitation in the juvenile system. If the evidence presented fails to establish that the youth would benefit from the special features and programs of the juvenile system and there is no special reason for sparing the youth from adult prosecution, the petition must be denied and jurisdiction remains with the criminal division.

**Commonwealth v. Brown**, 26 A.3d 485, 492-93 (Pa.Super. 2011) (internal citations and quotations omitted).

Instantly, the record belies Appellant's contention that the trial court conceded that Appellant was amenable to treatment. Rather, the court noted at the decertification hearing that it was not outright rejecting that Appellant was amenable to treatment. (**See** N.T. Decertification Hearing, 6/21/19, at 69-72). Nevertheless, because the expert forensic report was based upon Appellant's version of events—which was very different from the events in the criminal complaint, including which party brought the gun to the meeting— the court could not agree that Appellant was amenable to treatment. (**Id.**). Based upon the uncontested facts in the affidavit of probable cause, Appellant had shot Victim in such a way that she had almost died, and then been

- 6 -

arrested with marijuana again. (*Id.* at 72-73). Therefore, the court concluded that Appellant was a risk to the community and would "keep doing what he's going to keep doing," requiring that the case stay in adult court. (*Id.* at 73).

In its Rule 1925(a) opinion, the trial court reasoned:

> [I]t is clear that the [c]ourt did not abuse its discretion in denying decertification. The record reflects that the [c]ourt reviewed and considered a detailed 25-page forensic psychological evaluation of [Appellant] that included, but was not limited to, [Appellant's] family, medical, mental health, social, community, drug and alcohol, trauma, educational and legal histories. The [c]ourt reviewed and heard testimony regarding the psychological testing of [Appellant] and the results of interviews with [Appellant] and his mother. The [c]ourt also heard testimony regarding varying accounts of the incident leading to the charges against [Appellant]. The [c]ourt heard testimony concerning how [V]ictim was found after the shooting, the nature and extent of her injuries and the long-term impact of the injuries on [V]ictim. The [c]ourt also heard and considered testimony concerning treatment options and after care programs that were potentially available to [Appellant]. In announcing its decision, the [c]ourt recognized [Appellant's] age, as well as his possible amenability to treatment, as factors favoring decertification. However, the [c]ourt also clearly noted that even if [Appellant] was amenable to treatment, that it was considering the nature and circumstances of the offense allegedly committed, his recurring possession of marijuana, the degree of his criminal sophistication, the impact of the offense on [V]ictim and a concern for an ongoing threat to the community. All these factors constitute appropriate consideration to deny decertification and do not establish that the denial constituted a manifestly unreasonable judgment based upon partiality, prejudice or ill will.

(Trial Court Opinion, filed January 4, 2021, at 9). Based upon the record, Appellant has not shown by a preponderance of the evidence that the transfer would serve the public interest where he shot and seriously wounded another

juvenile during a robbery. *See Aziz, supra*. Although Appellant argues that the court inappropriately weighed public safety against the other factors favoring decertification, we see no abuse of discretion in the court's analysis. *See Jackson, supra*; *Sanders, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/22/2021