J-S13032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT THOMAS ROOTE :
:
Appellant : No. 1283 MDA 2021

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000094-2020

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED:  MAY 24, 2022**

Robert Thomas Roote ("Appellant"), a juvenile, appeals from the judgment of sentence entered by the Court of Common Pleas of Luzerne County after Appellant pled guilty to conspiracy to commit robbery.  Appellant argues that the trial court erred in denying his motion for decertification and request to transfer the case to juvenile proceedings.  We affirm.

The trial court summarized the factual background of this case as follows:

> This matter arises from an information filed by the Luzerne County District Attorney against [Appellant] on February 13, 2020.  Although [Appellant] was a juvenile, he was charged as an adult with three counts of conspiracy to commit robbery, one count of conspiracy to commit simple assault, and one count of conspiracy to commit theft by unlawful taking or disposition. These charges resulted from a robbery which occurred in the area

_____

* Former Justice specially assigned to the Superior Court.

[*] Former Justice specially assigned to the Superior Court.

of Pringle Street and Brook Avenue in Kingston, Luzerne County, Pennsylvania.

At approximately 8:30 p.m. on November 1, 2019, [Appellant] and his three co-conspirators agreed to rob an individual walking to his residence. During the robbery, one of the co-conspirators placed a gun in the victim's mouth and [Appellant] kicked the victim while he was on the ground. [Appellant] and his co-conspirators were wearing masks they had recently purchased. After the robbery, [Appellant] ran from the police as they tried to apprehend him. Approximately two months later, [Appellant] denied any involvement in the robbery, assault and theft to police. An arrest warrant was obtained for [Appellant] and he then gave a statement admitting his involvement.

Trial Court Opinion, 11/23/21, at 1-3.

On March 18, 2020, Appellant filed a motion for decertification and transfer to juvenile court. On April 1, 2021, the trial court held an evidentiary hearing. Both parties presented the testimony of experts in clinical and forensic psychology: Dr. Frank Dattilio, Ph.D., ABPP, testified for the defense and Dr. Stephen M. Timchack, PsyD, ABPP, testified for the Commonwealth. While the experts generally agreed on Appellant's past diagnoses, the experts disagreed on whether Appellant is amenable to treatment, supervision, and rehabilitation in the juvenile justice system prior to the age of 21 years.

On April 12, 2021, the trial court denied the motion for decertification. On September 3, 2021, Appellant pled guilty to one count of conspiracy to commit robbery graded as a second-degree felony. On the same day, Appellant was sentenced to twenty-four months' probation.

Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

Whether the trial court abused its discretion in failing to consider the following:

1. Appellant did not possess the weapon utilized in the crime and was not the individual who concocted the plan to commit the robbery.

2. That both the Y.L.S. [(Youth Level Service)] performed by juvenile probation and Dr. Dattilio found Appellant only at a minor risk to reoffend.

3. That given Appellant's young age and minimal risk to reoffend he presented, he was amenable to treatment in the juvenile court system.

4. That Appellant has never received any cognitive behavioral therapy or intensive therapeutical services that would have fit his needs.

5. That Appellant did not have a lengthy criminal history and was only the age of 15 at the time the crime occurred, and he could have been rehabilitated prior to the expiration of juvenile court jurisdiction.

Appellant's Brief, at 1 (issues renumbered).

In reviewing Appellant's claim that the trial court abused its discretion in denying his motion to decertify the criminal proceedings and to transfer his case to the juvenile division, we are guided by the following principles:

The Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.,* is designed to effectuate the protection of the public by providing children who commit 'delinquent acts' with supervision, rehabilitation, and care while promoting responsibility and the ability to become a productive member of the community. 42 Pa.C.S.A. § 6301(b)(2). The Juvenile Act defines a 'child' as a person who is under eighteen years of age. 42 Pa.C.S.A. § 6302. Typically, most crimes involving juveniles are tried in the juvenile court of the Court of Common Pleas.

Our legislature, however, has deemed some crimes so heinous that they are excluded from the definition of 'a delinquent act.'

- 3 -

Pursuant to 42 Pa.C.S.A. § 6322(a) and § 6355(e), when a juvenile is charged with a crime, including murder or any of the other offenses excluded from the definition of 'delinquent act' in 42 Pa.C.S.A. § 6302, the criminal division of the Court of Common Pleas is vested with jurisdiction. *See* 42 Pa.C.S.A. § 6302[.][1]

When a case involving a juvenile goes directly to the criminal division, the juvenile can request treatment within the juvenile system through a transfer process called 'decertification.' To obtain decertification, it is the juvenile's burden to prove, by a preponderance of the evidence, that transfer to the juvenile court system best serves the public interest. 42 Pa.C.S.A. § 6322(a).

Pursuant to § 6322(a), the decertification court shall consider the factors contained in § 6355(a)(4)(iii) in determining whether the child has established that the transfer will serve the public interest. These factors are as follows:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

    (I) age;

    (II) mental capacity;

    (III) maturity;

---

[1] The charge of conspiracy to commit robbery as defined in 18 Pa.C.S.A. § 3701(a)(1)(i)-(iii) is excluded from the term "delinquent act." *See* 42 Pa.C.S.A. § 6302.

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355(a)(4)(iii).

While the Juvenile Act requires that a decertification court consider all of these factors, it is silent as to the weight assessed to each by the court. However, '[w]hen a juvenile seeks to have his case transferred from the criminal division to the juvenile division, he must show that he is in need of and amenable to treatment, supervision or rehabilitation in the juvenile system.' If the evidence presented fails to establish that the youth would benefit from the special features and programs of the juvenile system and there is no special reason for sparing the youth from adult prosecution, the petition must be denied and jurisdiction remains with the criminal division.

The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of a decertification court.

This Court will not overturn a decision to grant or deny decertification absent a gross abuse of discretion. An abuse of discretion is not merely an error of judgment but involves the misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment based upon partiality, prejudice or ill will.

*Commonwealth v. Thomas*, 67 A.3d 838, 841–43 (Pa.Super. 2013)

(quoting *Commonwealth v. Brown*, 26 A.3d 485, 491–493 (Pa.Super.

2011)).

Moreover, we also note that while "[a] decertification court must consider all of the factors set forth in Section 6355 of the Juvenile Act, … it need not address, *seriatim,* the applicability and importance of each factor and fact in reaching its final determination." **Commonwealth v. Sanders**, 814 A.2d 1248, 1251 (Pa.Super. 2003) (citing **Commonwealth v. Jackson,** 722 A.2d 1030, 1033 (Pa. 1999)). "When evaluating the propriety of a certification decision, absent evidence to the contrary, a reviewing court must presume that the juvenile court carefully considered the entire record. **Sanders**, 814 A.2d at 1251 (quoting **Jackson**, 722 A.2d at 1034-35).

In this case, the trial court indicated its denial of Appellant's petition for decertification was based on a thorough consideration of the factors listed in Section 6355(a). In doing so, the trial court concluded that Appellant failed to show a transfer would serve the public interest. Further, the trial court found credible the expert testimony of the Commonwealth's expert, Dr. Timchack, who testified that Appellant is not amenable to treatment, supervision, or rehabilitation in the juvenile justice system.

The trial court also rejected Appellant's specific claims that it had failed to consider particular factors required by Section 6355. While Appellant argues that the trial court failed to consider that Appellant did not possess the weapon utilized in the crime and was not the individual who concocted the plan to commit the robbery, the trial court noted that Appellant had engaged in a discussion with his co-conspirators and decided to commit a robbery.

The trial court also emphasized that Appellant kicked the victim in the face during the robbery and provided his co-conspirator with the weapon used in the robbery. Notes of Testimony (N.T.), 4/1/21, at 47-49. As such, the trial court found that Appellant's participation in the conspiracy to rob the victim was significant.

Appellant also argues that the trial court failed to consider whether he was amenable to treatment in the juvenile system in light of his age and his minimal risk to offend. More specifically, Appellant alleges that the trial court should have considered the results of the Youth Level Service (YLS), a recidivism assessment tool, that reported Appellant had a moderate risk to reoffend.

However, the trial court asserted that it had in fact considered this evaluation but also highlighted that the YLS was administered to Appellant on two occasions. During his intake process, Appellant was administered his first YLS which indicated he posed a high risk to reoffend. When Appellant was administered a second YLS several months later, his scores still indicated he posed a moderate risk to reoffend.

The trial court also indicated that it was aware Appellant was fifteen years old at the time of the crime and that Appellant's prior contacts with the juvenile justice system were well known. The trial court noted that after Appellant had received probation in 2019 for a disorderly conduct charge, he committed the robbery one day after he completed probation.

With respect to Appellant's claim that the trial court had failed to consider that Appellant had never received cognitive behavioral therapy or an intensive program to fit his needs, the trial court noted that it had considered all therapy and services that Appellant had already received and others that were available within the juvenile system. Ultimately, as noted above, the trial court found the record supported the testimony of the Commonwealth's expert, Dr. Timchack, who opined that Appellant is not amenable to treatment, supervision, or rehabilitation in the juvenile justice system.

In reviewing the record, we find Appellant has failed to show the trial court abused its discretion in refusing to decertify this case to juvenile court. The trial court properly considered the serious nature of the crime and whether the transfer would serve the public interest. As reasons of record exist which support the decertification court's ruling, we decline Appellant's request for this Court to reweigh the factors and evidence to support his position.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2022

- 8 -